## Wilson et al. *v.* Goldstein, Appellant.

*Oil lease—Forfeiture—Next friend—Minors.*

Where a brother of full age acting for himself and as next friend of his minor sisters asserts a forfeiture of an oil lease covering land which he and his sisters have inherited as tenants in common, he cannot afterwards recover for himself his share of the monthly damages stipulated in the lease and accruing between the date of the assertion of forfeiture and the institution of the suit.

*It seems* that in such a case if the action of the brother as next friend of his minor sisters was judicious and for the best interest of the minors, the forfeiture asserted by him should be sustained against them.

Argued Oct. 5, 1892. Appeal, No. 153, Oct. T., 1892, by defendant, Jacob Goldstein, from judgment of C. P. Venango Co., April T., 1890, No. 88, on verdict for plaintiffs, James R. Wilson, for himself and as next friend of Lydia C. Wilson and Mary F. Wilson, minors. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal from justice of the peace in action to recover stipulated damages in oil lease.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows, by TAYLOR, P. J.:

"In our opinion of the law—we may be mistaken about it, and it raises a very nice question—but in the view we take of it now, we think that this lease couldn't be surrendered by one of the three parties there, so as to cut out the interest of two minor heirs, and for that reason we will say to you, that you will find that these two girls are minors and have an equal interest in the estate, and they have shown by bringing this action that they repudiate anything that has been done or attempted to be done by James Wilson, their brother, whatever he did; and they by bringing this action show that they repudiate his acts; and we think that they must act as a whole; if there was a forfeiture at all, that it must be as a whole, and under our present views we don't think that one man—that a brother—can wipe out the interest of minor heirs in that way; and so for that reason we instruct you that the evidence of a forfeiture here should be eliminated from the case, and as there is no controversy as to the other portions, you will find a verdict for the plaintiffs for the amount due up to the time of the bringing of this action, with interest to date."

Verdict and judgment for plaintiffs, for $174.80. Defendant appealed.

*Error assigned* was above charge, quoting it.

*F. W. Hays*, for appellant.—The forfeiture was complete: Ray v. Nat. Gas Co., 138 Pa. 588. The entry of one co-heir enures to the benefit of the other: Jackson and Gross, Landlord and Tenant, 215; Mobley v. Bruner, 59 Pa. 483; Carothers v. Dunning, 3 S. & R. 373; Doe v. Pearson, 6 East, 173, 2 Bacon's Ab. 357; 2 Greenl. Ev. 312.

*Wm. J. Breene,* for appellees, cited Mitchell on Real Estate, 255 ; Galey v. Kellerman, 123 Pa. 491 ; Wills v. Nat. Gas. Co., 130 Pa. 222 ; Coke, Lit. 215 *a,* 1636 ; Washb. R. Prop., page 508 ; Cruger v. McLaury, 41 N. Y. 225 ; Jackson v. Topping, 1 Wend. 388 ; Cole v. Patterson, 25 Wend. 456 ; Martindale, Conveyancing, § 339, 2d ed.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1893 :

This action is upon two written instruments known as oil leases. The lessor, or grantor, was Elisha Wilson, now deceased. The plaintiffs are his children and heirs at law, on whom the title to the land covered by the leases has fallen. The leases conferred on the defendant the right " to mine and excavate for petroleum, coal rock or carbon oil, or other valuable mineral or volatile substance " at a rent or royalty of one eighth part of the oil or other substance produced. The use of the land for agricultural and all other purposes except the production of oil, or other product under the oil leases, was to remain in the lessor.

In order to insure a speedy test of the land it was stipulated that Goldstein should commence operations within ninety days after the execution of the lease or in default thereof pay the sum of five dollars per month upon each lease as stipulated damages due the lessor because of such default, until the operations should begin. The death of Elisha Wilson took place in December, 1888. James R. Wilson was at that time of full age, and about one month after his father's death he gave notice to Goldstein that as he had not drilled a well upon the leased premises, or paid the stipulated equivalent, his rights under the leases were forfeited and he would not be allowed to enter upon the lands thereafter. Goldstein seems to have acquiesced in this action, and in answer to Wilson's demand for a surrender of the leases delivered up the one which was in his possession, and explained that he could not at that time deliver up the other for the reason that he had assigned an interest in it to another person who had possession of the instrument. He did not deny, however, that Wilson had the right to assert the forfeiture because of his default as to both leases ; nor did he offer to commence operations if the default was waived. After the lapse of more than one year from this assertion of the for-

feiture and demand for the delivery of the leases, James R. Wilson brought this suit for himself and his minor sisters, to recover five dollars per month on each lease from the death of the father to the time when the suit was brought, as stipulated damages for the breach of covenant in failing to commence operations for the production of oil on the leased premises.

The court below permitted a recovery for the amount claimed on the theory that Wilson's assertion of the forfeiture did not bind his minor sisters, and because it did not bind them it did not bind him.   He said to the jury : " We think the lease could not be surrendered by one of the three parties there," meaning as we suppose the three heirs at law of Elisha Wilson, the plaintiffs in this suit.   He then added " if there was a forfeiture at all, that it must be as a whole and under our present views we do not think that one man, that a brother, can wipe out the interest of minor heirs in that way, and so for that reason we instruct you that the evidence of a forfeiture here should be eliminated from this case, and as there is no controversy as to the other portions you will find a verdict for the plaintiffs for the amount due up to the time of bringing this action with interest to date."   In determining the correctness of these instructions it is important to recall the facts and see what question was raised by them.

The leases were made by Elisha Wilson.   The plaintiffs were his heirs at law to whom his real estate had descended bound by these leases.   The lessee was not in possession, and had never entered upon the work of drilling or mining on the premises.   The failure to enter and operate the land was by an express provision in each agreement a cause of forfeiture of all rights acquired under the leases.   The plaintiffs were in a position therefore to elect, when the title descended to them, whether they would assert the forfeiture and so divest their land of the encumbrance which the contracts of their father had put upon it, or refrain from asserting the forfeiture and seek to enforce performance on the part of the lessee by proceedings at law.   James R. Wilson did not hesitate which of these expedients to choose, but promptly asserted the forfeiture, terminated, as far as it was possible for him to do so, both leases, and forbade Goldstein, the lessee, to enter upon either of the lots of ground.   This was not done in relief of his in-

dividual interest in the land, but as the representative of the title of the deceased lessor. He professed to speak and act for the whole title. If, in point of fact, he was authorized to speak and act for himself only, it may be that he alone is bound by what he said and did; but that he is bound is too plain for argument. To permit him to enforce, as to any interest he may have in them, the leases he has annulled and one of which, having been surrendered to him on his demand, is now in his possession, is so grossly inequitable that it ought not to be considered unless compelled by some legal necessity.

A different question is presented in the case of his sisters because of their minority. He assumed to act as their representative when he annulled these leases by the assertion of the forfeiture. In the same capacity he now repudiates his former action, and asks the courts to enforce the leases as continuing contracts, notwithstanding his declaration that they were at an end. It is clear that his sisters have the right to avail themselves of his entry and assertion of the forfeiture, and so disembarrass their estate by relieving it of the burden imposed by the leases. It is equally clear that they are not bound to do so if such action would be injurious to them, or if such entry was in any sense a fraud upon them. Whether the next friend may be permitted to repudiate to-day what he did yesterday on behalf of those he represents, must depend therefore on whether the interest of the minors requires it. If his assertion of the forfeiture in relief of their estate was in fraud of their rights, or an honest mistake in judgment as to what was best for those he represented, they should be heard to disavow his acts. If, on the other hand, it was for their advantage to free their estate from the leases, and resume absolute control over it, Jas. R. Wilson, as next friend, ought not to be permitted to repudiate the forfeiture which on their behalf as well as his own he had asserted and insisted on.

The learned judge said upon this subject, "We don't think one man, a brother, can wipe out the interest of minor heirs in that way." But his sisters were heirs of the land, not of an action at law to recover damages for a breach of a contract made with their father. The act of the brother in seeking to annul the contracts, and in demanding their surrender, did not "wipe out" their estate or any part of it, but relieved it of

the leases under which nothing had been done or was likely to be done, and placed them in a position where they could secure the development of their lands by a new lease, or make sale of them without embarrassment.   His act could lose them nothing except the right to sue upon the leases for damages arising from a breach of the covenants made with their father.   This is a right of such uncertain value, and its assertion involves so much of expense and trouble, that it would seem to us that the " next friend " of the minors acted wisely at the outset in choosing for himself and them a disembarrassed title instead. But whatever may be the result of another trial as far as the minors are concerned, there can be no recovery by James R. Wilson in this action, and for that reason the judgment in this case is reversed and a venire facias de novo awarded.