## Heinouer v. Jones, Appellant.

*Oil lease—Forfeiture—Tenants in common—Minors.*

In an action to recover rent on an oil lease, accruing by reason of the failure to complete a well within the time specified in the lease, if there is evidence that the lessor, after a monthly installment was due and unpaid, declared that the lease was forfeited and subsequently refused to accept the rent, the question of forfeiture must be submitted to the jury.

Where the lessors are tenants in common and some of them minors, whether or not one tenant in common can bind the others who are minors by a forfeiture depends upon whether he was in a position to speak for them, and whether or not his action was for their best interest. Wilson v. Goldstein, 152 Pa. 524, followed.

Argued Nov. 3, 1893. Appeal, No. 40, Oct. T., 1893, by defendant, Nathan D. Jones, from judgment of C. P. No. 2, Allegheny Co., April T., 1892, No. 46, on verdict for plaintiffs, Lorenz Heinouer, Jr., et al., heirs at law of Lorenz Heinouer, Sr., deceased. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on oil lease. Before MAGEE, J.

At the trial it appeared that, on April 4, 1889, Lorenz Heinouer leased for five years certain property in Stowe township to defendant, " for the sole and only purpose of drilling or operating for oil or gas." The material portions of the lease were as follows :

" It is further agreed that if gas is obtained in sufficient quantities and utilized off the premises, the party of the second part shall pay as an annual rental the sum of five hundred dollars upon each well, so long as gas shall be conveyed away therefrom and used off said premises. As a further consideration, the party of the second part agrees to pay to the party of the first part five hundred dollars on the execution hereof ;

also to pay all damages to growing crops, by reason of the privilege herein granted to lay and maintain oil and gas lines. . . . One well shall be completed within six months, and a second well completed on the above described premises within ten months from the date hereof, or thereafter pay the party of the first part thirty dollars per month in advance until the work is commenced. . . . A failure of the party of the second part to make any one of said payments when due, at such place as above mentioned, renders this lease null and void, and to remain without effect between the parties hereto, and the moneys paid shall be held in full of all damages."

Other facts appear by the opinion of the Supreme Court.

The court gave binding instruction for plaintiff.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Willis F. McCook*, for appellant.

*T. H. Davis*, *W. A. Sipe* with him, for appellees, cited : Galey v. Kellerman, 123 Pa. 491; Sanders v. Sharp, 153 Pa. 555; Fross's Ap., 105 Pa. 258; Walker's Ap., 116 Pa. 419.

OPINION BY MR. JUSTICE WILLIAMS, December 30, 1893 :

The plaintiffs are the heirs at law of Lorenz Heinouer, deceased.   They bring this suit upon an oil lease made by their father on the 4th day of April, 1889.   By the terms of the lease, Jones, the lessee, was required to complete one well on the premises within six months, or, failing in this, to pay monthly, after the end of six months, the sum of thirty dollars per month until operations should be begun on the land.   The lessor died in February, 1890.   His eldest son, Lorenz Heinouer, was appointed to administer upon the estate within a few days after his death.   No well was completed on the land nor was the work of drilling begun.   The monthly payments were made to the lessor until his death, and to his son and administrator thereafter, until the fourth of April, 1890.   When the next monthly payment fell due it was not made, and in reply to Heinouer's question the holder of the lease informed him that it would not be paid.   Heinouer then communicated this fact to

Jones the lessee, and, as Jones asserts, then and there declared the lease to be forfeited and refused to take the rent, saying that he could obtain a bonus of five hundred dollars for the lease. Heinouer denies the declaration of a forfeiture but admits he did not take the rent from Jones and that for two years, and until this suit was brought, he never asked for payment, and the lessee never entered upon the land. The defence rests on the alleged forfeiture by Heinouer who was both administrator and heir at law of the lessor. This, it is urged, divested Jones's title under the lease and relieved him from rent accruing thereafter. But, however this may be held, the defendant insists that it estopped Heinouer from recovering his share of the rentals falling due after such forfeiture. Upon this subject the learned judge instructed the jury that " The real controversy is upon the question of legal liability under the evidence, and I have taken the view that there is a legal liability and that no forfeiture of the lease has been shown." Having this view of the case his general direction that " The plaintiffs are entitled to recover the full amount of their claim " was logical and consistent.

But there was evidence upon which the question whether a forfeiture had been declared or not should have gone to the jury. If the testimony of Jones was believed, and its force was not much weakened by that of Heinouer, a forfeiture was asserted about the first of May, 1890. The subsequent conduct of both Jones and Heinouer was consistent with this theory. It was not consistent with the idea that the lease was understood to be in full force. If upon this question the jury had found for the defendant, then clearly Heinouer could not recover for himself. Having declared that Jones had no further right of entry, it would be inequitable to permit him to recover because Jones, taking him at his word, had abstained from entering after he had been distinctly told that his right to do so was at an end by reason of the forfeiture. Whether the other plaintiffs were bound by Heinouer's action depends upon whether he was in a position to speak for them. On both points this case is ruled by that of Wilson v. Goldstein, 152 Pa. 524. It is not necessary to repeat what was there said. The judgment is reversed, but, as the rights of the brothers and sisters of Heinouer were not separately considered, a venire facias de novo must be awarded.